Opinion issued February 17, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS.          01-09-01044-CR
and 

   01-09-01045-CR

———————————

Henry Alexis Medina, Appellant

V.

State of
Texas, Appellee



 



 

On Appeal from the 351st District Court

Harris County, Texas



Trial Court Case Nos. 1180204 and 1180205

 



 

MEMORANDUM OPINION

After committing
a hit-and-run accident that caused the death of a pedestrian, appellant Henry
Alexis Medina entered guilty pleas to the third-degree felony offenses of
failure to stop and render assistance and tampering with or fabricating
physical evidence without an agreed recommendation as to punishment.[1]  See
Tex. Transp. Code Ann. § 550.021
(Vernon Supp. 2010); Tex. Penal Code Ann.
§ 37.09(d)(1) (Vernon Supp. 2010). 
The trial court considered a pre-sentence investigation (PSI) and other
information presented at the sentencing hearing and assessed a punishment of
ten years’ confinement.

Medina’s counsel on appeal has
submitted a brief stating his professional opinion that the appeal is without
merit and that there are no arguable grounds for reversal.  See
Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967).  Medina filed a pro se response.  In that response, Medina contends that the
sentence imposed by the trial court violates the prohibition against cruel and
unusual punishment imposed by the Eighth Amendment of the United States
Constitution.  U.S. Const. amend VIII. 
Medina also complains that trial counsel rendered ineffective assistance
during the sentencing hearing.  Strickland v. Washington, 466 U.S. 686, 688,
104 S. Ct. 2052, 2064 (1984); Thompson v.
State, 9
S.W.3d 808, 812 (Tex. Crim. App. 1999).  We have
reviewed the record and, having found no reversible error, we affirm Medina’s
conviction and sentence.

Background

While Daniel Kelly was walking
along the road during the early morning hours one morning in August 2008, Medina
struck him with his car.  Medina did not
stop to assist Kelly, who died from his injuries.  Instead, Medina drove home to his apartment
complex.  Investigating Houston Police Department
Officer K. Mitchell testified that, with the license plate number recorded by
another officer near the time of the hit-and‑run, he determined that the
car that struck Kelly belonged to Medina. 
The following morning, Officer Mitchell and his partner, Officer R.
Miller, went to Medina’s apartment.

The officers found Medina’s car in
the parking lot, covered with a tarpaulin. 
Medina allowed the officers into his apartment and led him to the hood
of the car, which Medina had removed and placed in his closet.  The damage to the hood was consistent with
the accident.

The officers arrested Medina.  After Medina pleaded guilty to both offenses,
the trial court ordered a PSI and held a punishment hearing.  During the hearing, Officer Mitchell
testified to the results of his investigation. 
Kelly’s friends and family members also testified to how he had touched
their lives and the impact that his death had on them.  Medina’s friends and mother testified to
Medina’s character in his defense.  

Anders Procedure

The brief submitted by Medina’s court-appointed
counsel states his professional opinion that there are no arguable grounds for
reversal on appeal and that any appeal would, therefore, lack merit.  See
Anders, 386 U.S. at 744, 87 S. Ct. at 1400.  Counsel’s brief meets the minimum Anders requirements by presenting a
professional evaluation of the record and stating why there are no arguable
grounds for reversal on appeal.  See Gainous v. State, 436 S.W.2d 137,
138 (Tex. Crim. App. 1969).  Counsel sent
a copy of the brief to Medina, requested permission to withdraw from the case,
and notified Medina of his right to review the record and to file a pro se
response.

When we receive an Anders brief from a defendant’s
court-appointed attorney who asserts that no arguable grounds for appeal exist,
we must determine that issue independently by conducting our own review of the
entire record.  See Anders, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that
reviewing court—and not counsel—determines, after full examination of
proceedings, whether case is “wholly frivolous”); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  In conducting our review, we consider any pro
se response that the defendant files to his appointed counsel’s Anders brief.  See
Bledsoe v. State, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

Our role in this Anders appeal, which includes reviewing Medina’s
pro se response, is limited to determining whether arguable grounds for appeal
exist.  See id. at 827.  If we
determine that arguable grounds for appeal exist, we abate the appeal and
remand the case to the trial court to allow the court-appointed attorney to
withdraw.  See id.  The trial court then
either appoints another attorney to present all arguable grounds for appeal or,
if the defendant wishes, allows the defendant to proceed pro se.  See id.
 We do not rule on the ultimate merits of
the issues raised by Medina in his pro se response.  See id.
 If we determine that there are arguable
grounds for appeal, Medina is entitled to have new counsel address the merits
of the issues raised.  See id.  “Only after the issues have been briefed by
new counsel may [we] address the merits of the issues raised.”  Id.

If, on the other hand, we
determine, from our independent review of the entire record, that the appeal is
wholly frivolous, we may affirm the trial court’s judgment.  See id.
at 826–28.  Medina may challenge the
holding that there are no arguable grounds for appeal in a petition for
discretionary review filed in the Court of Criminal Appeals. See id. at 827 & n.6.

In accordance with Anders and Bledsoe, we have reviewed the record, Medina’s appointed counsel’s Anders brief, and Medina’s pro se
response to that brief.  We conclude that
no arguable ground for reversible error exists.  Having reached that conclusion, we affirm the
judgment of the trial court and grant Medina’s appointed counsel’s motion to
withdraw.[2]

Conclusion

We affirm the judgment of the trial
court and grant appointed counsel’s motion to withdraw.

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Justices Keyes, Higley, and Bland.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
          The trial court cause numbers
assigned to these offenses were 1180204 and 1180205, respectively.





[2]
          Appointed appellate counsel still has a duty to inform Medina of the
result of this appeal and that he may, on his own, pursue discretionary review
in the Court of Criminal Appeals.  See Bledsoe v. State, 178 S.W.3d 824,
827 & n.6 (Tex. Crim. App. 2005); Ex
parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997); Stephens v. State, 35 S.W.3d 770, 771–72
(Tex. App.—Houston [1st Dist.] 2000, no pet.).